FILED
CLERK
10/22/2015 2:18 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BETTY CROSS,

        Plaintiff,

  -against-

JOHN B. KING, JR., in his official capacity
as Commissioner of Education of State of
New York,

        Defendant.
----------------------------------------------------------X

**ORDER**
14-CV-7394 (SJF)(SIL)

FEUERSTEIN, J.

    Plaintiff, Betty Cross ("Cross"), commenced this action against defendant, Dr. John B. King, Jr., in his official capacity as the Commissioner of Education of the State of New York (the "Commissioner"),[1] claiming that he removed her from her seat on the Hempstead Union Free School District's ("District") school board (the "Board") in violation of her due process rights, following the invalidation of the Board election results that purportedly gave Cross her seat on the Board.

    On May 20, 2014, the District held its annual school board election. The three (3) candidates to fill two (2) open seats were: 1) Ricky Cooke ("Cooke"); 2) Maribel Touré ("Touré"); and 3) Cross, a member of the Board since 1978. The preliminary election results were:

| *Type of Ballot* | *Cooke* | *Touré* | *Cross* |
|---|---|---|---|
| Ballot | 796 | 706 | 547 |
| Absentee Votes | 6 | 6 | 144 |
| **INITIAL TOTAL** | 802 | 712 | 691 |

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Elizabeth Berlin, the Acting Commissioner of Education of the State of New York, is hereby substituted for Dr. John B. King, Jr. in this action.

Additional absentee ballots had not been counted pending confirmation that the voters who submitted those absentee votes were registered voters in the school district. Those absentee votes were inspected and counted the following day, on May 21, 2014, placing Cross ahead of Touré in second place by a six (6)-vote margin:

Final Election Results

| Type of Ballot | Cooke | Touré | Cross |
|---|---|---|---|
| **INITIAL TOTAL** | 802 | 712 | 691 |
| Additional Absentee Votes | -- | 1 | 28 |
| **FINAL TOTAL** | 802 [1st place winner] | 713 | 719 [2nd place winner] |

On May 21, 2014, Cooke and Cross were certified as the first and second-place winners of the election, respectively. Cross was sworn in as a member of the Board with a term expiring on June 30, 2015 and filed her written oath of office with the Clerk of the Board.

Following an appeal of the election results by Touré, on July 18, 2014, the Commissioner "precluded [the Board] from: (1) enforcing its May 21, 2014 action declaring respondent Cross the winner of the May 20, 2014 school board election as against petitioner Touré and (2) seating respondent Cross as a member of the board pending a determination on the merits of this appeal." [Def.'s Ex. 2, July 18, 2014 Ltr. from the Comm'r to Mr. Graff, at 1]. Upon review of the election results, the Commissioner found that the high number of absentee votes for Cross as compared to those of her opponents was "highly suspect":

> According to the certified results, respondent Cross received 159 less machine votes than petitioner Touré but received a total of 172 absentee ballot votes – as compared to Cook's six [6] and Touré's seven [7] –which gave her the second highest number of votes by a mere 6-vote margin. On its face, such a disparity in the number of absentee ballots casts in favor of a single candidate is highly suspect.

[Def.'s Ex. 3, *Appeal of Maribel Touré, et al.*, at 15 (emphasis added)]. The Commissioner concluded that "irregularities occurred that vitiated the electoral process as between petitioner

2

Touré and respondent Cross and I therefore find that a new vote is necessary to determine the will of the voters as to the board vacancy with a term expiring on June 30, 2015." *Id.* As a result, on August 28, 2014, the Commissioner nullified the election results as between Touré and Cross. *Id.* at 16.

On December 19, 2014, Cross filed this action against the Commissioner for violating her Fourteenth Amendment due process rights, by not affording her notice and a hearing before removing her from her Board seat.

**II. Discussion**

Cross has advanced three (3) federal claims against the Commissioner: 1) a procedural due process claim pursuant to the Fourteenth Amendment of the United States Constitution, as Cross contends she was entitled to notice and a hearing before the Commissioner "removed" her from her school board seat pursuant to New York Education Law § 306; 2) a 42 U.S.C. § 1983 civil rights claim based upon the Commissioner's alleged procedural misconduct; and 3) a violation of Cross's "right to vote and run for office" under the Fourteenth and Fifteenth Amendments to the United States Constitution. The Commissioner has moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. *See* Fed. R. Civ. P. 12(b)(1) and (b)(6).

    *A.*    *Standard of Review*

        1.    <u>Rule 12(b)(1): Lack of Subject Matter Jurisdiction</u>

"In determining whether the federal courts have subject matter jurisdiction over a cause of action, a district court must look to the way the complaint is drawn to see if it claims a right to recover under the laws of the United States." *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1055 (2d Cir. 1993) (quoting *Goldman v. Gallant Securities, Inc.,* 878 F.2d 71, 73 (2d Cir.

3

1989)). In considering a motion to dismiss for lack of subject matter jurisdiction and although courts must accept as true all material factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, *see Morrison v. Nat'l Australia Bank Ltd.,* 547 F.3d 167, 170 (2d Cir. 2008), district courts may look beyond the allegations of the complaint and "examine evidence outside of the pleadings." *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014). Plaintiffs have the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists. *Id.*

### 2. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Leave to amend, "though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir. 2008) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. But if amendment would be futile, *i.e.*, if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6), leave to amend may be denied. *See Lucente v. Int'l Bus. Machines Corp.,* 310 F.3d 243, 258 (2d Cir. 2002).

### B. *Cross's Claims Against a State Official Acting in his Official Capacity*

The Commissioner argues that all of Cross's claims against him are barred by the doctrine of absolute immunity. Absolute judicial immunity mandates that judges are subject to suit seeking retroactive relief only for: 1) "non-judicial actions, *i.e.*, actions not taking in the

4

judge's judicial capacity;" or 2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (internal citations omitted); *see Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (quoting *Stump*, 435, U.S. at 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331).

The doctrine of absolute immunity has been extended "to certain others who perform functions closely associated with the judicial process," such as administrative officials exercising independent quasi-judicial powers. *Cleavinger v. Saxner*, 474 U.S. 193, 200, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985); *see Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (holding parole board officials, like judges, are entitled to absolute immunity); *see also DeMerchant v. Springfield Sch. Dist.*, No. 05-cv-316, 2007 WL 495240, at *3 (D. Vt. Feb. 9, 2007) (citing cases holding state hearing officers are entitled to absolute immunity).[2] Absolute immunity stems from "the nature of the responsibilities of the individual officer." *Cleavinger,* 474 U.S. at 201, 106 S. Ct. 496, 88 L. Ed. 2d 507. For instance, "[t]here can be little doubt that the role of the modern federal hearing examiner . . . is 'functionally comparable' to that of a judge." *Butz v. Economou,* 438 U.S. 478, 513, 98 S. Ct. 2894, 57 L. Ed. 2d 895 (1978). Similarly, the role of a New York state commissioner of education, whose function includes the authority "to examine and decide" petitions challenging school board elections and meetings and who is authorized to

---

[2] *See, e.g., O'Neal v. Mississippi Bd. of Nursing,* 113 F.3d 62, 66 (5th Cir. 1997) (absolute immunity protected members of state licensing board who conducted adjudicatory nursing license revocation hearings); *Collyer v. Darling,* 98 F.3d 211, 222 (6th Cir. 1996) (state personnel review board members were absolutely immune from monetary relief with respect to their adjudicatory functions); *Gyadu v. Workers' Comp. Comm'n,* 930 F. Supp. 738 (D. Conn. 1996) (state workers' compensation commissioner entitled to absolute immunity), *aff'd,* 129 F.3d 113 (2d Cir. 1997).

render "decisions in the matter [that] shall be final and not subject to review," *see* N.Y. Educ. Law §§ 310, 2037, is likewise "functionally comparable" to that of a judge. Absolute immunity thus shields state commissioners to the same extent that it shields state and federal hearing officers and administrative law judges.

The caption of Cross's case states that the Commissioner is sued only "in his official Capacity as Commissioner of Education Of State of New York," and the complaint alleges that the Commissioner, "acting under color of law and in his official capacity," deprived Cross of her constitutional rights. [DE 1, Compl., at ¶ 35 (error in original)]. In addition, Cross's opposition brief concedes that the present action is limited to the Commissioner's actions taken in his official capacity and seeks leave to amend the complaint "to sue the [Commissioner] in his individual capacity, in addition to his official capacity." [DE 12, Pl.'s Opp'n Br., at 1]. The present action is therefore limited to the Commissioner's actions taken in his official capacity, and Cross's claim for compensatory damages against him is barred by the doctrine of absolute immunity.

Cross's request for a declaratory judgment that the Commissioner's conduct allegedly violated federal law is similarly barred by absolute immunity. A declaratory judgment for alleged retrospective misconduct with no continuing violation of federal law is barred by the absolute immunity doctrine. *See Green v. Mansour*, 474 U.S. 64, 65-66, 73, 106 S. Ct. 423, 88 L. Ed. 2d 371 (1985) (holding that the doctrine of absolute immunity and the Eleventh Amendment bar claims for retroactive relief, but not claims for prospective injunctive and declaratory relief); *B.D.S. v. Southold Union Free Sch. Dist.*, No. 08-CV-1319, 2009 WL 1875942, at *20 (E.D.N.Y. June 24, 2009). Because the contested Board seat expired on June

6

30, 2015, Cross's contentions are necessarily limited to the Commissioner's retrospective conduct and are therefore barred.

Cross's request for injunctive relief is also both moot and barred, because the term of the contested school board seat has already expired. Any claim for injunctive relief in the absence of a continuing violation of federal law is barred by the Eleventh Amendment. *See B.D.S.*, 2009 WL 1875942, at *20; *Boyland v. Wing*, 487 F. Supp. 2d 161, 180 (E.D.N.Y. 2007) (holding that absent a continuing violation of federal law, claims for injunctive, compensatory, and declaratory relief against state officials are barred by the Eleventh Amendment). Cross's remaining claims and requests for relief are also barred by the doctrine of absolute immunity.[3]

### C. *Cross's Request for Leave to Amend her Complaint to Add Claims against a State Official in his Individual Capacity*

In Cross's opposition brief to the Commissioner's memorandum of law in support of the Commissioner's motion to dismiss, Cross seeks leave to amend her complaint to sue the Commissioner "in his individual capacity, in addition to his official capacity." Although it is not clear at this stage what those individual capacity claims may consist of within the factual context of this action, Cross is nevertheless granted leave to amend her complaint to assert an individual capacity claim against the Commissioner. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citation omitted) (specifying that leave to amend should be "liberally granted"). Cross must file her amended complaint, if any, **within thirty (30) days** from the date that the notice of entry of this Order is served upon her.

---

[3] Because all of Cross's claims are barred by the absolute immunity doctrine, I do not reach the question of whether Cross's claims would also be dismissed under Rule 12(b)(6) for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

**III.     Conclusion**

For the reasons stated above, the Commissioner's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is granted to the extent that all of Cross's claims against the Commissioner in his official capacity are barred by the doctrine of absolute immunity and are therefore dismissed with prejudice.  Cross is, however, granted leave to amend her complaint to assert an individual capacity claim against the Commissioner.  Any amended complaint in accordance with this Order must be filed **within thirty (30) days** from the date that the notice of entry of this Order is served upon Cross.  Failure to file any amended complaint in a timely manner will result in the dismissal of this action with prejudice.

**SO ORDERED.**

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: October 22, 2015
       Central Islip, New York